IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE O. HERNANDEZ-FIGUEROA, | ) | |
| Petitioner, | ) | Civil Action No. 15-175 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Susan Paradise Baxter |
| M. RECTENWALD, | ) | |
| Respondent. | ) | |

## **OPINION**[1]

Presently before the Court is a petition for a writ of habeas corpus filed by federal prisoner Jose O. Hernandez-Figueroa (the "Petitioner"), pursuant to 28 U.S.C. § 2241. He was sentenced on December 8, 2006, in the United States District Court for the District of Puerto Rico in Criminal Case Number 06-CR-119-01 (D. PR) to a 97 month term of imprisonment for his role in the robbery of a federally insured bank. He contends that the Bureau of Prisons (the "Bureau" or the "BOP"), which is the agency responsible for implementing and applying federal law concerning the computation of federal sentences, see, e.g., United States v. Wilson, 503 U.S. 329 (1992), erred in computing his sentence. For the reasons set forth below, the petition is denied.

**I.**

**A.    Relevant Background**

On January 27, 2006, the Petitioner committed an armed robbery at the Financiera Commoloco located in Mayaguez, Puerto Rico. During the commission of this offense, he illegally appropriated $741.00 from an individual victim. (See Declaration of Angelicia Holland ("Holland Decl."), Resp's Ex. 1, at ¶ 4v).

---

[1]     In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

On February 6, 2006, the Petitioner committed the criminal conduct related to his federal offenses. Specifically, at about 3:19 p.m., the Petitioner and another individual entered the Banco Popular branch located on the Mayaguez Campus of the University of Puerto Rico and stole $79,960.00 at gunpoint. (Id. at ¶ 4iii).

On March 8, 2006, the Petitioner was arrested by local law enforcement in the Commonwealth of Puerto Rico and charged with the local criminal offense of Armed Robbery and Weapons Law Violation (local Case Numbers ISCR200601813 and ISCR200601814). These charges were for the Petitioner's role in the January 27, 2006, bank robbery at the Commoloco branch in Mayaguez (the non-federally insured financial institution). (Resp's Ex. 1n, Order, Hernandez-Figueroa v. United States, C.A. No. 14-1369 (D.PR, Jun. 24, 2014), at 1-3; Holland Decl. at ¶ 9(c)). Because local, non-federal authorities arrested the Petitioner first, he was in the "primary custody" (sometimes referred to as "primary jurisdiction") of the Commonwealth of Puerto Rico. (Holland Decl. at ¶ 12). The "primary custody" doctrine developed to provide different sovereigns (in this case the state and the federal governments) with an orderly method by which to prosecute and incarcerate an individual who has violated each sovereign's laws. Ponzi v. Fessenden, 258 U.S. 254 (1922). See, e.g., Bowman v. Wilson, 672 F.2d 1145, 1153-54 (3d Cir. 1982); George v. Longley, 463 F.App'x 136, 138 n.4 (3d Cir. 2012) (per curiam); Elwell v. Fisher, 716 F.3d 477 (8th Cir. 2013). In relevant part, the doctrine provides that the sovereign that first arrests an individual has primary custody over him. That sovereign's claim over the individual has priority over all other sovereigns that subsequently arrest him. The sovereign with primary custody is entitled to have the individual serve a sentence it imposes before he serves a sentence imposed by any other jurisdiction, regardless of the chronological order of sentence imposition. See, e.g., Bowman, 672 F.2d at 1153-54. Primary custody remains vested in the sovereign that first arrests the individual until its sentence expires and it releases the inmate, or until it relinquishes its priority

2

through some other act, such as granting bail, dismissing the charges, or releasing the individual on parole. See, e.g., George, 463 F.App'x at 138 n.4.

On that same day (March 8, 2006), a federal criminal complaint was filed in the United States District Court for the District of Puerto Rico charging the Petitioner with crimes related to his role in the February 6, 2006, robbery at the Banco Popular bank (the federally insured financial institution). (Resp's Ex. 1n, Order, Hernandez-Figueroa, C.A. No. 14-1369, at 1-3; Resp's Ex. 1e, Criminal Complaint). The district court issued a federal warrant for the Petitioner's arrest, and on March 9, 2006, it issued a writ of habeas corpus ad prosequendum. (Holland Decl. at ¶ 9(e)-(f)). The Federal Bureau of Investigation executed the federal arrest warrant on March 9, 2006, and the following day the Commonwealth temporarily transferred physical custody of the Petitioner to federal authorities pursuant to a federal writ of habeas corpus ad prosequendum. (Id. at ¶ 9(g)-(h)).

Although the Petitioner was temporarily transferred to the physical custody of federal authorities pursuant to the writ of habeas corpus ad prosequendum, the Commonwealth of Puerto Rico maintained primary custody over him. That is because a prisoner detained pursuant to a writ of habeas corpus ad prosequendum remains in the primary custody of the sending sovereign unless and until it relinquishes jurisdiction over him. See, e.g., Ruggiano v. Reish, 307 F.3d 121, 125 n.1 (3d Cir. 2002), superseded on other grounds by U.S.S.G. § 5G1.3(c) app. note 3(E) (2003). See also Elwell, 716 F.3d at 482 ("When the United States obtained physical custody of Elwell based upon the writ of habeas corpus ad prosequendum, the transfer of physical control over Elwell's custody from Iowa to the United States did not terminate Iowa's primary jurisdiction.") The receiving sovereign – in this case, the federal government – is considered simply to be "borrowing" the prisoner from the sending sovereign for the purposes of indicting, arraigning, trying, and/or sentencing him. Id.

3

On August 30, 2006, the Petitioner pleaded guilty in the United States District Court for the District of Puerto Rico to Bank Robbery, Aiding and Abetting, and Using and Brandishing of a Firearm in Relation to a Crime of Violence and Aiding and Abetting, in violation of 18 U.S.C. § 2113(a), 2113(d), (2) and 924(c)(1)(A)(ii). The applicable sentencing guideline range for count one was 37-46 months and the mandatory minimum term for count two was 60 months. The United States agreed to recommend an imprisonment term at the lower end of the guidelines ranges. Under the terms of the plea agreement, no further adjustments or departures would be sought by either party. (Holland Decl. at ¶ 4ii, ¶ 9(i)-(j)).

On December 8, 2006, the district court sentenced the Petitioner to 37 months of imprisonment as to count one and 60 months of imprisonment for count two, to run consecutively with each other, for a total term of imprisonment of 97 months. (Id. at ¶ 9(k); Resp's Ex. 1i, Federal Judgment and Commitment Order). The Judgment and Commitment Order directed that the Petitioner receive credit for time served, that he serve his sentence in the New York-Pennsylvania area, and that he be permitted to participate in the most rigorous substance abuse treatment program available and be provided vocational training while incarcerated. The federal sentencing order was silent with respect to the relationship of the Petitioner's federal sentence with any other sentence to which he was subject or would be subject. The Statement of Reasons prepared by the sentencing court made no reference to U.S.S.G. § 5G1 or an intent to either adjust the Petitioner's federal sentence or fashion a downward departure from the applicable sentencing guidelines. (Id. at ¶ 5, ¶ 9(l)). And as the Respondent explains in detail in the answer, a review of the transcript of the federal sentencing hearing reflects that neither the United States nor the Petitioner raised U.S.S.G § 5G1.3, and the court did not indicate any intention to either downwardly depart or adjust the Petitioner's sentence. Indeed, absent from the transcript is any reference to either "time served" or prior custody credit, as referenced in the federal Judgment and

4

Commitment Order. (See Answer, ECF No. 13 at 4-8; Resp's Ex. 1i at 2; Holland Decl., at ¶ 8, ¶ 9(m)). The United States Marshals Service subsequently returned physical custody of the Petitioner to the authorities with the Commonwealth of Puerto Rico in satisfaction of the federal writ of habeas corpus ad prosequendum. (Holland Decl. at ¶ 9(o)).

On December 20, 2006, the Petitioner was sentenced in the local court in Puerto Rico to a term of three years plus one day imprisonment in Criminal Case Number ISCR20061813, to be served consecutively with a five year term of imprisonment in Criminal Case Number ISCR20061814. The court directed that its sentence was to run concurrently with any other sentence the Petitioner was ordered to serve by the federal court. (Id. at ¶ 9(n); Resp's Ex. 1j, State Sentencing Order, at 1, 5).

Several years later, on October 15, 2013, the Petitioner satisfied the sentence imposed by the Commonwealth. Records from the Puerto Rico Department of Corrections reflect that all time served from March 8, 2006 through October 15, 2013, was credited against the sentence imposed by the Commonwealth. (Id. at ¶ 9(p); Resp's Ex. 1k, fax coversheet and response from Puerto Rico Department of Corrections to Federal Bureau of Prisons). On December 10, 2013, the Petitioner was released to federal authorities for service of his federal sentence. (Id. at ¶ 9(q); Resp's Ex. 1h, at 2; Resp's Ex. 1l, Puerto Rico Department of Corrections Records Department faxed Certificate of Release).

Pursuant to 18 U.S.C. § 3584(a), the BOP has calculated the Petitioner's federal sentence as consecutive to the sentence he served for the Commonwealth of Puerto Rico. This means that it has refused to give him a retroactive concurrent designation under 18 U.S.C. § 3621(b) (discussed below), which would have allowed the Commonwealth prison to be the place where he began service of his federal sentence.[2] Pursuant to 18 U.S.C. § 3585(a), the BOP has calculated the Petitioner's federal

---

[2] When a federal court imposes a prison sentence, Congress has authorized the BOP to designate "any available penal or correctional facility that meets minimum standards of health and habitability ... whether maintained by the Federal Government or otherwise[.]" 18 U.S.C. § 3621(b). This statute provides the BOP with broad discretion to choose the location

5

sentence to have commenced on December 10, 2013, the date he was produced for service of his federal sentence. The BOP also has determined that the Petitioner is entitled to 55 days of prior custody credit pursuant to 18 U.S.C. § 3585(b) for that time that he spent in official detention from March 8, 2006 through December 9, 2013, that was not credited against any other sentence. (Holland Decl. at ¶¶ 10-20). Assuming he receives all good conduct time available to him under 18 U.S.C. § 3524(b), his projected release date is October 31, 2020.

On May 7, 2014, the Petitioner filed with his federal sentencing court a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. He argued that he was supposed to serve his federal and state sentences concurrently because both sentences were imposed for the same offense. He further argued that during imposition of the federal sentence, the court expressed its willingness to grant his request for the concurrent running of his federal sentence with the state sentence, but failed to include this intent in the Judgment and Commitment Order. (Id. at ¶ 9(s); Resp's Ex. 1n, Order, Hernandez-Figueroa, C.A. No. 14-1369, at 2-3).

On June 24, 2014, the federal sentencing court denied the Petitioner's § 2255 Motion. It noted that the proper vehicle for the Petitioner to challenge the BOP's calculation of his sentence is a § 2241 habeas petition filed in the district court located in his place of confinement. (Resp's Ex. 1n, Order, Hernandez-Figueroa, C.A. No. 14-1369, at 6-7). It also stressed that "the record is devoid of any indication that the Court intended [the Petitioner's] federal sentence to run concurrent to his state sentence for an unrelated offense (id. at 7), and explained:

> After conducting an exhaustive review of the record, the Court agrees with the government that it was never the intention of the Court to have the Petitioner serve his federal sentence concurrent to his state sentence. We briefly explain.

---

of an inmate's imprisonment, so long as the factors enumerated in the statute are considered. Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990).

At the sentencing hearing, neither party requested that Petitioner's federal sentence run concurrent to his similar, yet unrelated, armed robbery case pending in state court. Accordingly, judgment was entered with no mention of Petitioner's pending state charges.

The Court stresses that Petitioner was charged with two different bank robberies to two different financial institutions on two different dates. The robbery that occurred at the federally insured financial institution was charged as a federal crime whereas the robbery occurring at the non-federally insured financial institution was charged in state court.

Additionally, the Court accentuates that it is irrelevant whether the state court intended that Petitioner's state sentence be served concurrently to the federal sentence, as a state court has no authority to order how a federal prisoner will serve his sentence. See Fegans v. U.S., 506 F.3d 1101, 1104 (8th Cir. 2007) ("It is well-settled that the state court's intent is not binding, so the state court's action raises the defendant's expectations but does not resolve the issue."); Abdul-Malik v. Hawk-Sawyer, 403 F.3d 72, 75 (2d Cir. 2005) (holding that "when a defendant is sentenced first in federal court and then on an unrelated offense in state court, neither judge can effect concurrent sentencing even if that is the intention of both."). Furthermore, federal prisoners cannot generally receive credit for time spent in state prison on an unrelated offense. See Setser v. U.S., ___ U.S. ___, 132 S.Ct. 1463, 1472 (2012) ("If a prisoner ... starts in state custody, serves his state sentence, and then moves to federal custody, it will always be the Federal Government . . . that decides whether he will receive credit for the time served in state custody."); U.S. v. Winter, 730 F.2d 825 (1st Cir. 1984).

(Id. at 5-6).

The Petitioner also challenged the BOP's calculation of his federal sentence through the BOP's administrative remedy process. When he did not receive the relief he sought he filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He contends that he is entitled to additional credit against his federal sentence. In the answer, the Respondent asserts that the BOP properly calculated the Petitioner's federal sentence and that the petition should be denied. The Petitioner did not file a reply. See LCvR 2241(D)(2) ("the petitioner may file a Reply (also known as 'a Traverse') within 30 days of the date the respondent files its Response.").

**B.     Subject Matter Jurisdiction**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). 28 U.S.C. § 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence," McGee v. Martinez, 627 F.3d 933, 935 (3d Cir. 2010), such as, for example, the way in which the BOP is computing his sentence. See, e.g., Barden, 921 F.2d at 478-79. Such petitions are filed in the federal court of the judicial district where the federal prisoner is incarcerated. Thus, this Court has jurisdiction under § 2241 to consider the Petitioner's claim that the BOP erred in computing his sentence.

**C.     Discussion**

A federal habeas court may only extend a writ of habeas corpus to a federal inmate if he demonstrates that "[h]e is in custody in violation of the Constitution or laws of the United States[.]" 28 U.S.C. § 2241(c)(3). The following statutes are relevant to the evaluation of the petition: 18 U.S.C. § 3584(a), which governs a federal sentencing court's authority to order that a federal sentence be served concurrently with a state sentence; 18 U.S.C. § 3621(b), which governs the BOP's authority to designate a state prison as a place of confinement for service of a federal sentence; 18 U.S.C. § 3585(a), which governs the date upon which a federal sentence commences; and 18 U.S.C. § 3585(b), which governs the amount of prior custody credit, or pre-commencement credit, that an inmate may receive. The BOP's policies regarding sentence computation are set forth in Program Statement 5880.28, Sentence Computation Manual ("PS 5880.28"). Also relevant to this case is Program Statement 5160.05, Designation of State Institution for Service of Federal Sentence ("PS 5160.05"). The BOP policies at

issue in this case are not published in any federal regulation, and thus are not subject to public notice and comment before adoption. Although they are not entitled to the deference described in Chevron U.S.A. v. National Resources Defense Council, 467 U.S. 837 (1984), they are entitled to "some deference" from this Court so long as they set forth "a permissible construction of" the statutes at issue. Blood v. Bledsoe, 648 F.3d 203, 207-08 (3d Cir. 2011) (per curiam) (citing Reno v. Koray, 515 U.S. 50, 61 (1995)), cert. denied, 132 S.Ct. 1068 (2012).

### 1. The determination of whether a federal sentence is concurrent with, or consecutive to, a state sentence

### (a) Statutory and policy background

In determining whether the Petitioner is entitled to any habeas relief, the Court must first examine whether the BOP violated federal law in computing his federal sentence as consecutive to his state sentences pursuant to 18 U.S.C. § 3584(a). This analysis also requires a consideration of whether the BOP abused its discretion in declining to grant him a retroactive, or *nunc pro tunc*, concurrent designation pursuant to 18 U.S.C. § 3621(b) and Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990). See PS 5160.05, Pages 5-7.

Section § 3584(a) provides, in relevant part:

[I]f a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively.… *Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.*[3]

(Emphasis added).

---

[3] The BOP recognizes that "[o]n occasion, a federal court will order the federal sentence to run concurrently with or consecutively to a not yet imposed term of imprisonment. Case law supports a court's discretion to enter such an order and the federal sentence shall be enforced in the manner prescribed by the court." PS 5880.28, Chapt. 1, Page 32A. The Supreme Court confirmed in Setser v. United States, — U.S. — , 132 S.Ct. 1463 (2012), that a district court has the authority to order, when it is imposing a federal sentence, that that sentence is to be served consecutive to, or concurrent with, an anticipated sentence that has not yet been imposed.

9

In applying § 3584(a), the BOP presumes that federal and state sentences are to be served consecutively unless the federal sentencing court orders that the sentences are to be served concurrently. See PS 5880.28, Chapt. 1, Pages 31-33; PS 5160.05, Pages 2-7. As the Petitioner's federal sentencing court explained, when it imposed his sentence it did not order that his federal sentence was to be served concurrent with any state sentence. Therefore, although the local court in Puerto Rico subsequently directed that the term of imprisonment that it imposed was to run concurrently with the federal sentence, the BOP did not automatically consider the Petitioner's federal sentence to run concurrent with his state sentence because the federal district court had not so ordered. The BOP is charged with carrying out the sentence that the federal court imposed, not the sentence the state court imposed. Barden, 921 F.2d at 480-84.

Importantly, however, the BOP considered, as it must under Barden and its own policies, whether it should exercise its discretion and grant the Petitioner a retroactive concurrent designation pursuant to § 3621(b). In Barden, the United States Court of Appeals for the Third Circuit discussed the BOP's authority to effectuate the service of concurrent federal and state sentences in circumstances when the intent of the federal sentencing court or the goals of the criminal justice system would make the exercise of that authority appropriate. See also PS 5160.05, Pages 5-7. For example, the BOP recognizes that the following might occur: the state/local authorities had primary custody over an inmate, his federal sentence is imposed first, the federal sentencing court does not order that the federal sentence be served concurrently with any state sentence, and then the state court subsequently imposes a sentence and orders that it is to be served concurrently with the federal sentence. When this occurs, the inmate typically will have served his state sentence at a state institution and upon release is sent to federal custody for service of his federal sentence. The inmate is permitted to request that the BOP retroactively designate the state institution as the correctional institution where he began service of his federal

sentence pursuant to its authority under 18 U.S.C. § 3621(b), which in effect amounts to the imposition of a retroactive concurrent federal sentence. Barden, 921 F.2d at 478-83; PS 5160.05, Pages 5-7.

Although the BOP must consider the inmate's request for concurrent service of sentences, it is not obligated to grant the request. Id. at 478 n.4 ("We recognize that neither the federal courts nor the Bureau are bound in any way by the state court's direction that the state and federal sentences run concurrently."); PS 5160.05, Page 6 ("there is no obligation under Barden for the Bureau to grant the request by designating a state institution retroactively as the place to serve the federal sentence."). The BOP will review the federal sentencing court's Judgment and Commitment Order, the state sentence data records, and any other pertinent information relating to the federal and state sentences. PS 5160.05, Pages 5-7. BOP policy further instructs:

> (c) In making the determination[ ] if a designation for concurrent service may be appropriate (*e.g.*, the federal sentence is imposed first and there is no order or recommendation regarding the service of the sentence in relationship to the yet to be imposed state term), the [The Regional Inmate Systems Administrator ("RISA")] will send a letter to the sentencing court (either the Chambers of the Judge, U.S. Attorney's Office, and/or U.S. Probation Office, as appropriate) inquiring whether the court has any objections. Regardless of where the original inquiry is directed, the U.S. Attorney's Office and U.S. Probation Office will receive a courtesy copy.

PS 5160.05, Page 6.

### (b) The BOP did not abuse its discretion in denying the Petitioner's request for a retroactive concurrent designation under § 3621

When the Petitioner learned how the BOP is calculating his federal sentence, he filed an administrative remedy. In accordance with § 3621 and its policies, the BOP conducted a Barden review to determine whether to grant him a retroactive concurrent designation. The five factors set for in § 3621(b) were considered with respect to the Petitioner's particular circumstances. Those factors are: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the

11

history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence concerning the purposes for which the sentence to imprisonment was determined to be warranted or recommending a type of penal or correctional facility as appropriate; and (5) any pertinent policy statement issued by the Sentencing Commission. After its evaluation, the BOP determined that he Petitioner was not appropriate for a retroactive designation. (Resp's Ex. 1q, Factors Under 18 U.S.C. § 3621(b) Worksheet, dated October 14, 2014). In making this determination, the BOP considered:

> 1) that the Petitioner was at FCI McKean (Medium Security Level Institution) serving a 97 month sentence for Bank Robbery, Aiding and Abetting, and Using and Brandishing of a Firearm in Relation to a Crime of Violence;
>
> 2) Petitioner served an eight year Commonwealth sentence for Robbery and a Weapons Law Violation;
>
> 3) the conduct involved in the federal and state convictions were not related;
>
> 4) Petitioner had no other prior convictions and no disciplinary history in federal or state prison; and,
>
> 5) that when it contacted the Petitioner's federal sentencing court, that court directed it to its order dated June 24, 2014, in which it stated "that it was never the intention of the Court to have the Petitioner serve his federal sentence concurrent to his state sentence."

(Id.)

This Court cannot conclude that the BOP's decision was an abuse of its discretion. It was in accordance with the federal sentencing statutes and applicable agency policy, PS 5160.05, Pages 5-7, and there is no basis for this Court to disturb it. See Barden, 921 F.2d at 484. See also George, 463 F.App'x at 140 (finding that the BOP did not abuse its discretion in denying a nunc pro tunc designation and noting that "the BOP followed the guidelines we established in Barden …; moreover, the federal sentencing court was (and remains) silent on whether the federal sentence was to be consecutive or concurrent, in light of the default presumption of consecutive sentences, see 18 U.S.C. § 3584(a)."); Crawford v. Longley, 561 F.App'x 128, 130 (3d Cir. 2014) (the petitioner's "argument that the BOP

12

should have granted the nunc pro tunc designation to fulfill the wishes of the state court judge that his state sentence be concurrent to his federal sentence is meritless, as 'neither the federal courts not the [BOP] are bound in any way be the state court's direction that the state and federal sentences run concurrently.' Barden, 921 F.2d at 478 n.4 (citing U.S.Const.art.VI, cl. 2).").

### 2. Calculation of the date upon which a federal sentence commences

18 U.S.C. § 3585(a) governs the date a federal sentence commences. It provides:

(a) Commencement of sentence. – A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

18 U.S.C. § 3585(a).

The BOP, and not the federal sentencing court, determines the date upon which a federal sentence commences. See, e.g., Ruggiano, 307 F.3d at 126. The BOP will not commence a sentence earlier than the date it is imposed, even if made concurrent with a sentence already being served. PS 5880.28, Chapt. 1, Page 13 ("In no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed."). See, e.g., Rashid v. Quintana, 372 F.App'x 260, 262 (3d Cir. 2010) (per curiam) ("a federal sentence cannot begin to run earlier than on the date on which it is imposed.") (citing Unites States v. Labeille-Soto, 163 F.3d 93, 98 (2d Cir. 1998), which stated: "We see nothing in [§ 3585(a)] to indicate that the court is permitted to order that the sentence be deemed to have commenced on an earlier date. Indeed, the determination of the precise date on which a sentence begins appears to have been intended to be a ministerial decision that depends on the timing of the defendant's arrival at the appropriate place with respect to the sentence that is to be served, and we have held that after a defendant is sentenced, it falls to the BOP, not the district judge, to determine when a sentence is deemed to commence[.]" (internal quotations and brackets omitted)).

13

When an inmate is only facing service of a federal sentence, the application of § 3585(a) is straightforward. The BOP will designate the inmate to a federal detention facility and it will calculate the federal sentence to have commenced on the date it was imposed. PS 5880.28, Chapt. 1, Page 12. Oftentimes, however, as in the instant case, an inmate is subject to multiple sentences, *e.g.*, at the time his federal sentence is imposed he is or will soon be subject to a state sentence. In that case, the federal and state governments must resolve where and/or in what order the inmate will serve his multiple sentences. As discussed above, at common law the "primary custody" doctrine developed to assist the sovereigns in making these determinations and to provide an orderly method by which to prosecute and incarcerate an individual that violated the law of more than one sovereign. Once again, the primary custody doctrine provides that the sovereign that first arrests an individual has primary custody over him. That sovereign's claim over the individual has priority over all other sovereigns that subsequently arrest him. The sovereign with primary custody is entitled to have the individual serve a sentence it imposes before he serves a sentence imposed by any other jurisdiction. See, e.g., Bowman, 672 F.2d at 1153-54. Primary custody remains vested in the sovereign that first arrests the individual until it relinquishes its priority by, *e.g.*, granting bail, dismissing the charges, releasing the individual to parole or at the expiration of his sentence. See, e.g., George, 463 F.App'x at 138 n.4

The BOP has incorporated the common law primary custody doctrine into its policies, which provide:

1. If the federal government has primary custody of an inmate on the date his federal sentence is imposed, it is entitled to have that inmate serve his federal sentence upon imposition. In such a case, the BOP will designate the inmate to a federal detention facility for service of the federal sentence and will calculate that sentence to have commenced on the date the federal sentencing court imposed it, even if at that same time the inmate is serving a concurrent state sentence. PS 5880.28, Chapt. 1, Pages 12-13.

2. If the inmate is in the primary custody of the state and the federal sentencing court orders that he serve his federal sentence *concurrently* with any state sentence, the BOP will

14

3. return physical custody of the inmate to the state, designate the state facility as the initial place of service of the federal sentence pursuant to its authority under 18 U.S.C. § 3621(b), and calculate his federal sentence to have commenced on the date the federal court imposed it. PS 5880.28, Chapt. 1, Page 13, 32A-33; PS 5160.05, Pages 2-12.

3. If an inmate is in the primary custody of the state when his federal sentence is imposed and if his federal sentence is *consecutive to* any state sentence, the inmate will be returned to the state after federal sentencing. The BOP will commence the inmate's federal sentence under § 3585(a) when the state relinquishes its priority and releases him to federal custody. PS 5880.28, Chapt. 1, Pages 12-13, 31-33; see also PS 5160.05, Pages 2-12.

The third scenario is what occurred in the Petitioner's case. He was in the primary custody of the Commonwealth of Puerto Rico on the date his federal sentence was imposed. Because his federal sentence is consecutive to his sentence imposed by the Commonwealth, the BOP has calculated his 97-month[4] federal sentence to have commenced under § 3585(a) on December 10, 2013, the date he was released by Commonwealth authorities to the United States Marshals Service for service of his federal sentence. (Holland Decl. at ¶ 9(r), (z), ¶¶ 11-16). There is no basis for the Court to disturb the BOP's determination in this regard. The policies it applied to the Petitioner are a permissible construction of § 3585(a).

### 3. Calculation of prior custody credit under § 3585(b)

Section 3585(b) governs the amount of credit an inmate is entitled to receive for time served in official detention prior to the commencement of his federal sentence. It provides:

---

[4] Petitioner does not contend that the BOP failed to recognize that his federal sentencing court gave him a downward departure under U.S.S.G. § 5G1.3 and that it misconstrued the length of his sentence. To the extent that his argument is that the federal sentencing court erred in failing to give him a downward departure under § 5G1.3, such a claim is not cognizable in a habeas petition filed under § 2241. Rather, it had to be raised to the sentencing court and then in an appeal to the appropriate court of appeals. In addition, as the Respondent explains in the answer, according to the Petitioner's PSR, upon execution of the federal plea agreement, the Petitioner and the government agreed not to seek any additional departures or adjustments to his sentence other than those contained in the plea agreement. Moreover, in the Order denying the Petitioner's § 2255 motion, the federal sentencing court articulated that the criminal conduct relating to his federal conviction and sentence was different and distinct from the criminal conduct relating to the sentence imposed by the Commonwealth of Puerto Rico; therefore, the Petitioner is not entitled to a downward departure. (Holland Decl. at ¶ 4ii, ¶ 21; Resp's Ex. 1n, Order, Hernandez-Figueroa, C.A. No. 14-1369).

15

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> **That has not been credited against another sentence.**

(Emphasis added).

The intent of the last clause of § 3585(b) is to prohibit double sentencing credit situations. Wilson, 503 U.S. at 337 (explaining that with the enactment of § 3585(b), "Congress made it clear that a defendant could not receive a double credit for his detention time."). The BOP may not grant prior custody credit under § 3585(b) for time that has been credited against another sentence. See, e.g., Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007).

The BOP has determined that the Petitioner is entitled to 55 days of prior custody credit under § 3585(b). (Holland Decl. at ¶ 19). That credit accounts for all the time that the Petitioner served from March 8, 2006 (the date he was arrested and detained by non-federal authorities) to December 9, 2013 (the day before his federal sentence commenced) that was not credited against the eight year non-federal sentence imposed by the Commonwealth of Puerto Rico in Case Number ISCR20061813 and Case Number ISC20061814. (Id. at ¶¶ 19-20). The BOP cannot give the Petitioner any additional credit under § 3585(b) for the time he spent in official detention during the relevant time period because all of that other time was credited against his state sentence. See, e.g., Vega, 493 F.3d at 314 (the BOP did not err when it disallowed credit under § 3585(b) because the time at issue had been credited against the petitioner's state sentence). And, although the federal judgment and commitment Order directs that "[t]ime served shall be credited," a federal sentencing courts lack the authority to award prior custody

16

credit under § 3585(b). Only the Attorney General, through the BOP, has that authority. Wilson, 503 U.S. at 334.

## II.

For the reasons set forth above, the petition for a writ of habeas corpus is denied.[5] An appropriate Order follows.

Dated: August 19, 2016

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

---

[5] Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253 (as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000) (en banc), abrogated on other grounds by Gonzalez v. Thaler, 132 S.Ct. 641 (2012); 28 U.S.C. § 2253(c)(1)(B).